THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



August 30, 1976

The Honorable Ron Clower
Chairman
Consumer Affairs Sub-Committee
Texas Senate
State Capitol Building
Austin, Texas   78711

Opinion No. H-872

Re:  Municipality's
authority to require regu-
lated utility to furnish
financial data concerning
operations outside city
limits.

Dear Senator Clower:

You ask whether, under the Public Utility Regulatory
Act, article 1446c, V.T.C.S., a municipality setting rates
for a public utility operating within its regulatory juris-
diction may require information concerning the utility's
profits and losses in areas outside the city or town limits.
We believe that the Act clearly authorizes cities exercising
regulatory jurisdiction to require such information and to
consider it in setting rates.

Under the regulatory scheme of the Act, the governing
body of each municipality retains exclusive original juris-
diction over the rates of any gas utility within its city
or town limits [section 19(a)], and the Public Utility Com-
mission (hereinafter referred to as "Commission") is granted
exclusive original jurisdiction over telecommunications
utility rates (section 18).  Each municipality retains
original jurisdiction to regulate electric, water, and sewer
rates within city or town limits, unless electing to surrender
that jurisdiction to the Commission (section 17).  Utility
service subject to regulation by the governing body of a
municipality is exempt from regulation by the Commission
(or Railroad Commission for gas rates), and the area within
the municipal boundaries is thus considered an "exempt area."
Parts of the state which are subject to regulation by the
Commission (or Railroad Commission) are thus "nonexempt areas."
Section 22 of the Act provides that:

> [I]n fixing rates and charges in the exempt
> area, the governing body [of the municipality]
> may consider a public utility's revenues and
> return on investment in nonexempt areas.

Section 22, then, authorizes any municipality's governing body to take into account, in setting rates within city or town limits, the utility's revenues and return on investment in certain areas beyond city or town limits. In order to give meaning to section 22's authorization, it is reasonable to infer that the Act contemplates that the governing body should have some means of obtaining such information, especially since section 89 requires that the Act be construed "liberally to promote the effectiveness and efficiency of regulation of public utilities . . . ."

The municipality's authority to require this information under the Act will not arise until September 1, 1976. Section 87(b) of the Act provides that the regulatory authority -- again, for our purposes in this opinion, the governing body of each municipality -- is to assume jurisdiction over rates under the Act on September 1, 1976. Until that effective date, municipalities must look to pre-Act law for authority to require profit and loss information from public utilities.

### S U M M A R Y

Under the Public Utility Regulatory Act, the governing body of a municipality regulating rates of a public utility furnishing service within city or town limits may, after September 1, 1976, require that the utility furnish information concerning profits and losses in areas outside the city or town limits.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb